[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2010
JOHN LEY
CLERK

_____

No. 09-10518
Non-Argument Calendar

_____

D. C. Docket No. 08-00053-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINTON D. GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 24, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Quinton D. Gibson appeals his concurrent 18-month sentences[1] for 9 counts of passing and uttering with intent to defraud counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472. Gibson asserts two issues on appeal, which we address in turn.[2] After review, we affirm Gibson's sentences.

I.

Gibson first contends the district court erred in calculating his criminal history by counting a prior uncounseled misdemeanor conviction and the fact he was still on probation for that conviction when he committed the instant offenses. Gibson, however, failed to object to the facts of his prior convictions as contained in his PSI either in writing or at his sentencing; thus, he is deemed to have admitted those facts. *See United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006) (holding failure to object to allegations of fact in a PSI admits those facts for sentencing purposes). Thus, the district court did not err in relying on the

---

[1] Gibson completed his prison term on December 18, 2009. He is currently on supervised release, however, and his appeal is not moot. *See Page v. United States*, 69 F.3d 482, 487 n.4 (11th Cir. 1995).

[2] The Government contends Gibson waived appeal of his sentences, except to the extent the district court varied upward from his advisory Guidelines range. However, Gibson's plea agreement states "in the event that the District Court imposes a sentence that exceeds the advisory Guidelines range as determined by the District Court, then the defendant shall retain the right to pursue a timely appeal of *the sentence* directly to the Court of Appeals . . . ." The appeal waiver provision does not limit the appeal to the variance, as the Government asserts. Because the district court varied upward, Gibson is entitled to appeal all issues regarding his sentence, not just the upward variance.

undisputed facts in Gibson's PSI to count these convictions in his criminal history. *See id.*[3]

## II.

Next, Gibson asserts his sentences, which exceeded the top-end of the applicable advisory guidelines range by 8 months, were otherwise procedurally and substantively unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors or adequately explain his sentences, and those sentences were more than quadruple and almost twice the length of the low- and top-ends of the Guidelines range, respectively.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, whether the sentence falls "inside, just outside, or significantly outside" the advisory Guidelines range. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). Reasonableness review involves a two-step process. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir.), *cert. denied*, 129 S. Ct. 2847 (2009). We first look at whether the district court committed any significant procedural error, and then at whether the sentence is substantively reasonable under the totality of

---

[3] To the extent Gibson attempts to raise an ineffective-assistance-of-counsel claim with regard to the calculation of his criminal history category, we do not address that argument on direct appeal. "[E]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (quotation omitted). "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *Id.* (quotation omitted).

the circumstances, "including the extent of any variance from the Guidelines range." *Id.* (quotation omitted).

A district court commits a significant procedural sentencing error if it, for example, (1) improperly calculates the Guidelines range; (2) treats the Guidelines as mandatory; (3) fails to consider the 18 U.S.C. § 3553(a) sentencing factors; (4) selects a sentence based on clearly erroneous facts; or (5) fails to explain the chosen sentence. *Gall*, 128 S. Ct. at 597. The district court need not "recite a laundry list of the § 3553(a) factors" however, and it is enough if it "explicitly acknowledge[s] that it ha[s] considered [the defendant's] arguments at sentencing and . . . the factors set forth in § 3553(a)." *United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Additionally, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 2468.

A sentence is substantively unreasonable if, under the totality of the circumstances, it fails to achieve the purposes of sentencing listed in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). "[T]he party who

4

challenges the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We "recognize that there is a range of reasonable sentences from which the district court may choose." *Id.* Moreover, in reviewing the substantive reasonableness of a sentence, we have compared the actual sentence imposed to the applicable statutory maximum term of imprisonment. *See, e.g.*, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009).

The district court explained it imposed sentences outside the Guidelines range because, in its view, the Guidelines range was "too lenient." Moreover, given that Gibson, other than stating he was relatively young and had no prior felony convictions, never really raised any arguments at sentencing, it was not incumbent on the district court to discuss every conceivably relevant issue *sua sponte*. *See Gall*, 128 S. Ct. at 599 (stating "it [is] not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative."). Finally, to the extent that Gibson's statements he was young and had no prior felony convictions required a rebuttal, Gibson himself provided it by noting he had pending charges in Bibb County, two of which involved robberies. In sum, given that the upward variance involved the relatively short term of eight months, and given Gibson's relative silence at sentencing, it does not appear the circumstances

5

called for a lengthy explanation, and the district court's short explanation did not render Gibson's sentences procedurally unreasonable.

Gibson also cannot satisfy the burden of establishing his sentences were substantively unreasonable. First, Gibson's concurrent 18-month sentences were less than one-tenth of the statutory maximum of 20 years' imprisonment. *See* 18 U.S.C. § 472. Second, the district court justified the upward variance by explaining the Guidelines range was "too lenient." While the district court did not elaborate, its earlier colloquy with Gibson showed its awareness that Gibson, rather than his two codefendants, spearheaded the fraudulent scheme. Finally, Gibson's sole specific argument regarding the substantive unreasonableness of his sentences lacks merit because quantifying the upward variance, as Gibson does, as a certain percentage of the various points in the Guidelines range is unhelpful since the advisory Guidelines range, from four to ten months' imprisonment, was low. *See Gall*, 128 S. Ct. at 595 (stating "quantifying the variance as a certain percentage of the maximum, minimum, or median prison sentence recommended by the Guidelines" is unhelpful because "deviations from the Guidelines range will always appear more extreme–in percentage terms–when the range itself is low").

**AFFIRMED.**